IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**GEORGE HARRIS,**

      **Petitioner,**

v.                                                             Criminal No. 2:88cr76

**UNITED STATES OF AMERICA**

### OPINION and ORDER

      Pending before the court is the petitioner's motion under former Federal Rule of Criminal Procedure 35(a), filed on July 9, 2004, and his petition for a writ of habeas corpus pursuant to 28 U.S.C. §1651, filed on May 10, 2005. Both of these pleadings allege that the petitioner's sentence was in violation of his Sixth Amendment right to trial by jury because it was improperly enhanced based on judicial factfinding. In his motion under former Rule 35(a), the petitioner relies on Apprendi v. New Jersey, 530 U.S. 466 (2000) and by letter motion to amend, on Blakely v. Washington, 124 S. Ct. 2531 (2004). In his petition pursuant to section 1651, the petitioner also relies on United States v. Booker, 125 S. Ct. 738 (2005).

      For the reasons stated herein, the court finds the petitioner's motion under Rule 35(a) to be without merit. Furthermore, the court construes the petition under 28 U.S.C. § 1651 to be a request for collateral relief pursuant to 28 U.S.C. § 2255. The court finds that it cannot consider this petition as it represents a successive attempt to file a successive section 2255 motion that has not been certified by the Court of Appeals. See 28 U.S.C. § 2255. Accordingly, the motion filed under former Rule 35(a) is **DENIED**. The petition filed pursuant to 28 U.S.C. § 1651 is **DISMISSED**.

I. Background

The petitioner has made many attempts to obtain relief from the sentence imposed on him on October 21, 1988. He appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit, which affirmed both on March 29, 1990. The Supreme Court denied his petition for a writ of certiorari on July 10, 1990. Following the conclusion of his direct appeals, he has sought collateral relief a number of times pursuant to various statutes, including 28 U.S.C. §§ 2255, 2241-2243 and 1651. Additionally, he has filed motions for reconsideration pursuant to Federal Rule of Civil Procedure 60(b). All told, it appears from a review of this court's docket sheet that the petitioner has made at least four prior attempts to obtain post-conviction relief in this court alone.

The petitioner has pursued collateral relief before this court and in the United States District Court for the Middle District of Pennsylvania. He has never been successful in his efforts in either court, but this has not stopped him from filing a number of successive motions under 28 U.S.C. § 2255 or under some other statute, which the court has construed as being brought under section 2255. The court has denied these motions upon determining that the Court of Appeals had not authorized the successive filings. In fact, the United States Court of Appeals for the Fourth Circuit has previously denied the petitioner authorization to file a successive section 2255 motion.

The court will not review the history of the petitioner's collateral relief endeavors in further detail. For the purposes of the instant motion and petition, the petitioner was charged in a multi-count indictment returned on May 26, 1988 with various violations of the federal drug laws. Following a trial by jury, the defendant was found guilty on August 16, 1988 on Counts 1-

4, 6, 8-19, 22-24, 26, 28-30, 33-36, 38, 40-42, 45, 48, 49, 51 and 52. Count 1 charged the petitioner with a conspiracy to distribute and attempt to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Count 2 charged the petitioner with a continuing criminal enterprise, in violation of 21 U.S.C. §848.

On October 21, 1988, and as amended by court order entered on October 25, 1988, the court sentenced the petitioner to life imprisonment on Count 2 and to thirty-five years, to be served consecutively on the remaining counts. Other than the life sentence imposed on Count 2, the petitioner received no more than twenty (20) years on any remaining count. It appears from the docket report that, on motion of the government, the court properly vacated the conviction on Count 1. See Rutledge v. United States, 517 U.S. 292 (1996). The petitioner was sentenced pursuant to the federal sentencing guidelines for Count 2, as this offense concluded after November 1, 1987. For the remaining counts, the petitioner was sentenced under the pre-guidelines regime as these offenses concluded prior to the effective date of the guidelines.

## II. Discussion

A. Former Rule 35(a)

The petitioner contends that former Rule 35(a) of the Federal Rules of Criminal Procedure permits the court to review his sentence. The petitioner was convicted on Counts 1-4, 6, 8-19, 22-24, 26, 28-30, 33-36, 38, 40-42, 45, 48, 49, 51 and 52. With the exception of Counts 1 and 2, each of the crimes contained in the remaining counts concluded prior to November 1, 1987. Former Rule 35(a), which is limited to the correction of an illegal sentence at the district court's discretion, applies only to sentences for offenses committed prior to November 1, 1987. See Hill v. United States, 368 U.S. 424, 430 (1962); United States v. Landrum, 93 F.3d 122,

3

125 (4th Cir. 1996); United States v. Stumpf, 476 F.2d 945, 946 (1973).

Former Rule 35(a)[1] allowed an individual to bring a motion to correct an illegal sentence at any time, while current Rule 35(a) only permits a court to correct a sentence, resulting from arithmetical, technical, or other clear error, within seven (7) days of imposition of the sentence. See United States v. Little, 392 F.3d 671, 674 (4th Cir. 2004); Fed. R. Crim. P. 35(a). "Rule 35(a) motions are neither civil motions nor civil collateral attacks on a conviction and sentence; instead, Rule 35(a) motions are part of the direct appeal of the criminal conviction." Little, 392 F.3d at 677 (citing Landrum, 93 F.3d at 125). A sentence is not illegal within the meaning of Rule 35(a) if "the punishment meted out was not in excess of that prescribed by the relevant statute, multiple terms were not imposed for the same offense, nor were the terms of the sentence itself legally or constitutionally invalid in any other respect." Hill, 368 U.S. at 430 n.9. Rule 35(a) is limited to claims that a sentence itself is illegal, not that the conviction underlying a sentence is invalid. Little, 392 F.3d at 678.

In his Rule 35(a) motion, the petitioner claims that the decision of Apprendi v. New Jersey, 530 U.S. 466 (2000), which held that facts that increase the statutory maximum must be charged in the indictment and submitted to a jury for proof beyond a reasonable doubt, acts to invalidate his sentence. See Apprendi, 530 U.S. at 490; United States v. Stewart, 256 F.3d 231, 252 (4th Cir. 2001). In a July 19, 2004 letter motion to amend, he also seeks to rely on the more recent decision of the Supreme Court in Blakely v. Washington, 124 S. Ct. 2531 (2004).

It appears from the petitioner's motion that his Apprendi claim is restricted to Count 2 of

---

[1] As the instant motion only addresses former Rule 35(a), further references to Rule 35(a) in this Order are to the former Rule.

4

the indictment. He contends that his sentence of life imprisonment on this count was the result of facts found by the court. The court first observes that former Rule 35(a) does not apply to the petitioner's sentence on Count 2, as the offense charged in this count ended after November 1, 1987. See Landrum, 93 F.2d at 125; United States v. Rivera, 376 F.3d 86, 88 (2d Cir. 2004) (describing that "straddle crimes" - continuing offenses that began before the effective date of the guidelines and continued after that date are subject to guidelines). Although the petitioner argues that he withdrew from criminal conduct in 1987, the drug conspiracy which supported the continuing criminal enterprise conviction continued past November 1, 1987 and a conspiracy is presumed to continue until the last overt act of one of the conspirators. See United States v. Sheffer, 896 F.2d 842, 844. The petitioner's Apprendi claim with respect to Count 2 is more properly raised in a section 2255 motion, which, as set forth below, the court cannot entertain.

Furthermore, even if former Rule 35(a) did apply, Apprendi is only implicated if the petitioner was sentenced beyond the statutory maximum. See United States v. General, 278 F.3d 389, 393 (4th Cir. 2002). The statutory maximum for a violation of 21 U.S.C. § 848 was at the time of the petitioner's conviction, and remains, life imprisonment. 21 U.S.C. § 848. As the petitioner was sentenced as provided in section 848, no Apprendi violation occurred. See United States v. Angle, 254 F.3d 514, 517-18 (4th Cir. 2001).

Although any explicit challenge to the sentence imposed on the remaining counts that comprise offenses that concluded prior to November 1, 1987 is unclear, the petitioner does make reference in his motion to the quantities of drugs that supported his sentence, arguing that such quantities were not determined by a jury. Even assuming arguendo that an Apprendi claim is cognizable in a motion brought pursuant to former Rule 35(a), as did the Fourth Circuit in United

5

States v. Boardley, 20 Fed. Appx. 165, 166 (4th Cir. 2001), the court finds that no Apprendi violation occurred on those counts. A review of the docket report clearly establishes that the petitioner was sentenced within the statutory maximum on each count of conviction that alleged acts of drug distribution.

The petitioner was charged with distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1), in Counts 3-6, 8-19, 22-24, 26, 28-30, 35-36, 38, 40, 49, 51 and 52. The statutory maximum for even an unspecified quantity of cocaine distribution was, and is, twenty (20) years. See 21 U.S.C. § 841(b)(1)(C). The petitioner was sentenced to fifteen (15) years on each of these drug distribution counts, with the exception of Counts 40, 49, 51, and 52 for which twenty (20) year terms were given. Thus, it is clear that the petitioner's sentence was not enhanced beyond the statutory maximum and is not in violation of Apprendi. As the petitioner's sentence is not illegal, former Rule 35(a) affords him no opportunity for relief and his motion will be denied.

When a federal prisoner files a Rule 35(a) motion raising claims that do not fit within its limited scope, the court construes the claims under the appropriate motion or petition heading. Little, 392 F.3d at 677 (citing United States v. Pavlico, 962 F.2d 440, 443 (4th Cir. 1992)). To the extent that the petitioner's claim under Rule 35(a) relates to his conviction, rather than his sentence, or does not fall within the scope of Rule 35(a), it must be construed as a request for collateral relief. See Little, 392 F.3d at 678. Assuming this construction, the standard of review is the same as that set forth below in addressing the section 1651 petition.

2. Petition under 28 U.S.C. § 1651

On May 10, 2005, the petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 1651. He relies on Apprendi, Blakely and Booker in making the claim that the guidelines used in

calculating a portion of his sentence were unconstitutionally applied and that the remainder of his sentence, which did not rely on the guidelines, was unconstitutionally imposed. The court observes that the petitioner has previously attempted to house a prior version of this claim, relying solely on Apprendi, in other motions seeking collateral relief. He has not been successful; however, the petitioner contends that the rule announced in Blakely and extended to the operation of the sentencing guidelines in Booker is retroactive on collateral review.

Section 1651 permits the courts to issue necessary writs in support of their jurisdiction. See 28 U.S.C. § 1651. While section 1651 may permit a court to issue a writ of habeas corpus following a collateral attack on a criminal judgment, such relief is available only to the extent it has not been replaced by statutory remedies. See United States v. Folak, 865 F.2d 110, 113 (7th Cir. 1988) (noting that although petition for writ under section 1651 and section 2255 motion provide for different means to attack criminal conviction "the two are not interchangeable.").

In this context, 28 U.S.C. § 2255 is the proper statutory vehicle by which the petitioner must pursue the claims relating to his conviction and sentence. The language of section 2255 specifically provides that a prisoner in custody may file a motion claiming that "the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law," both of which are claims raised in the instant petition. 28 U.S.C. § 2255.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214 (1996), made substantial changes to 28 U.S.C. § 2255. The AEDPA includes stringent limitations on the filing of successive section 2255 motions and assigns a "gatekeeping" function for the screening of habeas petitions. See Felker v. Turpin, 518 U.S. 651, 664 (1996) (addressing the AEDPA's impact on the Supreme Court's original jurisdiction). A successive 2255 motion

must be certified by the Court of Appeals as provided for in 28 U.S.C. § 2244. See 28 U.S.C. § 2255. Section 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The Fourth Circuit has instructed that in order for the limitations on successive review of section 2255 motions to be effective, "courts must not allow prisoners to circumvent them by attaching labels other than 'successive application' to their pleadings." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (citing Calderon v. Thompson, 523 U.S. 538, 553 (1998)). Because the petitioner's claims concern issues that are properly raised in a section 2255 motion, the court finds that his section 1651 petition is "functionally equivalent to a successive [2255] application," notwithstanding the title that the petitioner has attached to it. Id. at 206-207 (noting that motion directly attacking petitioner's conviction or sentence usually amounts to successive section 2255 application).

In the absence of pre-filing authorization from the Court of Appeals, the district court lacks jurisdiction to consider the petition. See Winestock, 340 F.2d at 205. Such authorization will only be granted if the Court of Appeals certifies that the successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.  The court notes that as recently as July 30, 2004, the Court of Appeals denied a request from the petitioner for authorization to file a successive section 2255 motion.  The fact that the instant section 1651 petition was filed less than a year after this denial provides further indication to the court that the petitioner is attempting by the instant petition to circumvent the limit on successive section 2255 motions.

### III.  Conclusion

The court determines that former Rule 35(a) does not apply to the petitioner's conviction on Count 2.  To the extent it applies to the remaining counts of conviction, and assuming an Apprendi claim is cognizable under the former rule, the court finds that no Apprendi or Blakely violation occurred because the petitioner was sentenced within the range permitted by each statute of conviction.  Accordingly, the petitioner's motion under Rule 35(a) is **DENIED**.

As the section 1651 petition raises the type of claims that should be pursued in a section 2255 motion, and as the petitioner has not obtained the appropriate certification from the Court of Appeals, the court finds that he is barred from filing a successive section 2255 motion.  Accordingly, the petition must be **DISMISSED** because the court lacks jurisdiction to entertain it.  See Winestock, 340 F.3d at 207.

The petitioner is **ADVISED** that he may appeal from this Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510 within sixty (60) days from the date of this Order.

The Clerk is **REQUESTED** to mail a copy of this Order to the petitioner and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800, 101 West Main Street, Norfolk, Virginia 23510.

**IT IS SO ORDERED.**

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June 14th, 2005