IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION


**GEORGE HARRIS,**

        **Petitioner,**

v.                                                   **Criminal Action No. 2:88cr76**


**UNITED STATES OF AMERICA,**

        **Respondent.**

## OPINION AND ORDER

Pending before the court is petitioner George Harris's "Motion to Reopen and Supplement Original Filed Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255," filed on May 21, 2007. In his petition, the petitioner is asking this court to review the same claims that he has made to this court over the past several years. The court determines that it lacks jurisdiction over the petitioner's motion, as it is in reality a successive request for relief pursuant to 28 U.S.C. § 2255. Accordingly, the instant motion is **DISMISSED**.

I. Background

The petitioner has made many attempts to obtain relief from the sentence imposed on him on October 21, 1988. He appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit, which affirmed both on March 29, 1990. The Supreme Court denied his petition for a writ of certiorari on July 10, 1990. Following the conclusion of his direct appeals, he has sought collateral relief a number of times pursuant to various statutes, including 28 U.S.C. §§ 2255, 2241-2243 and 1651. Additionally, he has filed motions for

1

reconsideration pursuant to Federal Rule of Civil Procedure 60(b).  All told, it appears from a review of this court's docket sheet that the petitioner has made at least six prior attempts to obtain post-conviction relief in this court alone.

   The petitioner has pursued collateral relief before this court and in the United States District Court for the Middle District of Pennsylvania.  He has never been successful in his efforts in either court, but this has not stopped him from filing a number of successive motions under 28 U.S.C. § 2255 or under some other statute, which the court has construed as being brought under section 2255.  The court has denied these motions upon determining that the Court of Appeals had not authorized the successive filings.  In fact, the United States Court of Appeals for the Fourth Circuit has previously denied the petitioner authorization to file a successive section 2255 motion.

   The court will not review the history of the petitioner's collateral relief endeavors in further detail.  For the purposes of the instant motion and petition, the petitioner was charged in a multi-count indictment returned on May 26, 1988 with various violations of the federal drug laws.  Following a trial by jury, the defendant was found guilty on August 16, 1988 on Counts 1-4, 6, 8-19, 22-24, 26, 28-30, 33-36, 38, 40-42, 45, 48, 49, 51 and 52.  Count 1 charged the petitioner with a conspiracy to distribute and attempt to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1).  Count 2 charged the petitioner with a continuing criminal enterprise, in violation of 21 U.S.C. §848.

   On October 21, 1988, and as amended by court order entered on October 25, 1988, the court sentenced the petitioner to life imprisonment on Count 2 and to thirty-five years, to be served consecutively on the remaining counts.  Other than the life sentence imposed on Count 2,

the petitioner received no more than twenty (20) years on any remaining count. It appears from the docket report that, on motion of the government, the court properly vacated the conviction on Count 1. See Rutledge v. United States, 517 U.S. 292 (1996). The petitioner was sentenced pursuant to the federal sentencing guidelines only for Count 2, as this offense concluded after November 1, 1987.

II. Discussion

Although couched in terms of a Rule 60(b) motion or petition for writ of coram nobis,[1] the court finds that the motion is in reality a successive 2255 petition that this court may not consider absent a certificate of appealabilty. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214 (1996), made substantial changes to 18 U.S.C. § 2255. The AEDPA includes stringent limitations on the filing of successive section 2255 petitions and assigns a "gatekeeping" function for the screening of habeas petitions. See Felker v. Turpin, 518 U.S. 651, 664, 116 S.Ct. 2333 (1996) (addressing the AEDPA's impact on the Supreme Court's original jurisdiction). A successive 2255 motion must be certified by the Court of Appeals. 28 U.S.C. § 2255. Section 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "In order for these limitations to be effective, courts must not allow prisoners

---

[1] The court notes that coram nobis is not an available remedy in this case, as the defendant is currently serving a sentence of life imprisonment. See United States v. Morgan, 346 U.S. 502, 507-11 (1954) (holding that federal courts have the power under the All-Writs Act to grant a writ of error coram nobis to vacate a conviction after the sentence has been served). See also United States v. Sawyer, 239 F.3d 31, 37 (1st Cir. 2001) (holding that a writ of coram nobis applies only when the applicant is not in custody).

to circumvent them by attaching labels other than 'successive application' to their pleadings." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (citing Calderon v. Thompson, 523 U.S. 538, 553 (1998)).

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment, order, or proceeding based on a number of reasons, including mistake, newly discovered evidence, fraud, etc. Fed. R. Civ. P. 60(b). The Fourth Circuit has held that "district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" Winestock, 340 F.3d at 206 (quoting Calderon, 523 U.S. at 553). The Fourth Circuit, in Winestock, further instructed that not all Rule 60(b) motions are to be treated as successive applications, rather the treatment of the motion depends on the nature of the claims presented. See id. at 207. "A [Rule 60(b)] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." Id.

The petitioner makes no claim that a defect existed in the collateral review process of his initial section 2255 motion. The instant petition is not one where "claims subject to the requirements for successive applications as well as claims cognizable under Rule 60(b)" are presented. See id. As the claims in the instant motion attack the petitioner's conviction, with no claims cognizable under Rule 60(b), the court construes this petition as a "successive collateral review application in [Rule] 60(b)'s clothing." Id. (quoting Lazo v. United States, 314 F.3d 571,

573 (11th Cir. 2002)).

In the absence of pre-filing authorization from the Court of Appeals, the district court lacks jurisdiction to consider the petition. See id. at 205. Such authorization will only be granted if the Court of Appeals certifies that the successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. The court notes that as recently as August 3, 2006, the Court of Appeals denied a request from the petitioner for authorization to file a successive section 2255 motion. The fact that the instant petition was filed less than a year after this denial provides further indication to the court that the petitioner is attempting by the instant petition to circumvent the limit on successive section 2255 motions. The petitioner has raised similar issues regarding the retroactivity of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), in his previous collateral attacks, and each time, he has been denied authorization by the Court of Appeals.

It is well-established that the rule announced in Apprendi has not been made retroactive on collateral review. See United States v. Sanders, 247 F.3d 139, 151 (4th Cir. 2001). Even further, in United States v. Morris, 429 F.3d 65 (4th Cir. 2005), the Fourth Circuit held that, although Booker announced a new rule, it is not retroactive on collateral review. See also United States v. Gentry, 432 F.3d 600, 601 (5th Cir. 2005); United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005); Never Misses a Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005); Lloyd v. United States, 407 F.3d 608, 614 (3d Cir. May 17, 2005); Guzman v. United States, 404 F.3d

139, 144 (2d Cir. 2005); United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005); Humphress v. United States, 398 F.3d 855, 863 (6th Cir. 2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005).

The petitioner was sentenced in 1988, well before either Apprendi or Booker, and therefore neither Apprendi or Booker applies to him.  Therefore, it appears that the petitioner is unlikely to be granted authorization that would entitle him to file a successive petition under section 2255.

III.  Conclusion

For the reasons discussed above, the petition is **DISMISSED** for lack of jurisdiction. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is **DENIED**.

The Clerk is **REQUESTED** to send a copy of this Order to the petitioner, to his counsel, and to the United States Attorney, Eastern District of Virginia.

The petitioner is **ADVISED** that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.  Said written notice must be received by the Clerk within sixty (60) days from the date of this Order.

It is so **ORDERED**.

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June 22, 2007